■ THERM-X CHEMICAL & OIL CORP., Appellant, v ANTHONY ZAPPACOSTA, JR., Respondent.—In an action to declare the plaintiff the owner of certain real property, title to which was in the name of the defendant, the plaintiff appeals from an order of the Supreme Court, Suffolk County, dated January 11, 1979, which (1) vacated a judgment entered by default against the defendant on November 8, 1978, (2) ordered the Clerk of the County of Suffolk to mark upon the liber and indices where the vacated judgment was recorded that the transfer of the premises covered thereby be vacated and set aside, (3) ordered the plaintiff to surrender possession of said property to defendant, and (4) ordered that the defendant serve an answer upon the attorney for the plaintiff within 10 days from the entry of the order. Order modified by (1) deleting the first decretal paragraph thereof and substituting therefor a provision that defendant's motion is granted to the extent that the defendant's default in answering is vacated, (2) deleting the second decretal paragraph thereof and substituting therefor a provision that pending the determination of this action plaintiff shall retain title to the premises but may neither transfer nor hypothecate them, (3) deleting the third decretal paragraph thereof and substituting therefor a provision that pending the determination of this action the defendant may have personal possession and occupancy of the premises, and (4) adding thereto a provision that either party may apply at the foot of this order to prevent the other party from taking any action which would impair or diminish the value of the property which is subject to this order. As so modified, order affirmed, without costs or disbursements. Defendant's time to answer is extended until 10 days after service upon him of a copy of the order to be entered hereon, together with notice of entry thereof. The record before us contains facts which establish that defendant's default was excusable and that he may have a meritorious defense to the action. The record also shows that the plaintiff failed to establish that it was prejudiced by the default and that it had moved with unusual speed to obtain the default judgment. Hence the default must be vacated so that the defendant may have his day in court. We are mindful, however, that the plaintiff has been the victim of the embezzlement of very substantial sums by the defendant's mother and that it is entitled to preservation of the value of the property in question since those premises may be a source of recompense to it for some part of its losses if it prevails in the instant action. Hence, although we affirm the opening of the default, we have modified the order appealed from to allow

plaintiff to retain title to the property and to permit the parties to preserve the value of the property during defendant's occupancy pending the outcome of the action. Suozzi, J. P., Lazer, Cohalan and Martuscello, JJ., concur.